UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BONTEMPS, | No. 2:18-cv-1920-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| A. SOLORZANO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that plaintiff has been designated a three-strikes litigant for purposes of § 1915(g). *See Bontemps v. Harper*, No. 2:13-cv-506-MCE-EFB (June 2, 2016, E.D. Cal.), *aff'd* (Dec. 29, 2017, 9th Cir.); *Bontemps v. Smith*, No. 15-cv-8226-JFW (Nov.

18, 2016, C.D. Cal.), *aff'd* (Dec. 21, 2017, 9th Cir.) (counting the following three dismissals as strikes: *Bontemps v. Lee*, No 2:12-cv-00771-KJN (Jan. 31, 2013, E.D. Cal.); *Bontemps v. Aquino*, No. 2:12-cv-02406-EFB (July 9, 2013, E.D. Cal.); and *Bontemps v. Romero*, No. 2:13-cv-00614-EFB (Aug. 13, 2013, E.D. Cal.)); *see also Bontemps v. Kramer*, No. 2:06-cv-02483-JAM-GGH (Dec. 22, 2008, E.D. Cal.) (dismissed after plaintiff failed to submit a second amended complaint within allotted time following dismissal for failure to state a claim);[1] *Bontemps v. Gray*, No. 2:07-cv-00710 (July 5, 2007, E.D. Cal.) (dismissed after plaintiff failed to submit an amended complaint within allotted time following dismissal for failure to state a claim); *Bontemps v. Hicks*, No. 1:16-cv-1854 (April 25, 2018, E.D. Cal.), ECF No. 20 (findings and recommendations to deny plaintiff's in forma pauperis application pursuant to 28 U.S.C. § 1915(g)).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, the allegations do not demonstrate that plaintiff was under an imminent danger of serious physical injury when he filed this action. *See* ECF No. 1 (seeking damages for alleged instance in which defendant denied plaintiff access to a wheelchair and became disrespectful and belligerent). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

---

[1] In a recent decision, the Ninth Circuit held that:

> There is nothing in § 1915(g) that suggests a dismissal for failure to state a claim only counts as a strike when the complaint is obviously unsalvageable on its face. We have previously held that "[l]eave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect" and that opportunities to amend are "particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (emphasis added in *Crowley*) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000)). In light of this "longstanding rule," *Lopez*, 203 F.3d at 1130, district courts may routinely give pro se plaintiffs opportunities to amend their complaints regardless of how meritless their claims may appear. A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend.

*Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

1       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

      Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS HEREBY RECOMMENDED that:

      1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 4, 8) be denied; and

      2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 23, 2019.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE