UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BONTEMPS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. SOLORZANO, et al.,<br><br>        Defendants. | No. 2:18-cv-1920-KJM-EFB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2019, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The court writes separately to note that the three actions relied on in *Bontemps v. Smith*, No. 15-cv-8226 JFW, 2016 WL 10894023 (C.D. Cal. Nov. 18, 2016), *aff'd*, 708 Fed.

App'x 360 (9th Cir. 2017), to designate plaintiff a three-strikes litigant under 28 U.S.C. § 1915(g) were cases dismissed by magistrate judges for failure to state a claim upon which relief may be granted; in each case, only plaintiff had consented to proceed before a magistrate judge and the cases were dismissed before service of process on any defendant. *See Bontemps v. Lee*, No. 2:12-cv-0771 KJN, 2013 WL 417790 (E.D. Cal Jan. 31, 2013); *Bontemps v. Aquino*, No. 2:12-cv-2406 EFB (E.D. Cal. July 9, 2013); and *Bontemps v. Romero*, No. 2:13-cv-0614 EFB (E.D. Cal. Aug. 13, 2013). The United States Court of Appeals for the Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." *Hoffman v. Pulido*, ___ F.3d ___, 2019 WL 2910812 (9th Cir. July 8, 2019) (citing *Williams v. King*, 875 F.3d 500, 504-05 (9th Cir. 2017)). Because the three cases cited above, all of which constitute strikes under 28 U.S.C. § 1915(g),[1] are no longer pending, a challenge to the three-strikes consequence of each dismissal is precluded by *Hoffman*.

The three actions from this district, cited above, each constitute a strike under 28 U.S.C. § 1915(g). For the reasons explained in the findings and recommendations, the allegations of plaintiff's complaint do not support a finding that he "is under imminent danger of serious physical injury." ECF No. 10 at 2 (quoting 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). For these reasons, plaintiff is barred by the provisions of 28 U.S.C. § 1915(g) from proceeding with this action in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 24, 2019, are adopted to the extent consistent with and as supplemented by this order;

/////

---

[1] 28 U.S.C. § 1915(g) provides: "(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." All three of the cited cases were dismissed before this action was filed.

2. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 4, 8) are denied;

3. Plaintiff is ordered to pay the $400 filing fee within fourteen days from the date of this order and is warned that failure to do so will result in the dismissal of this action; and

4. This case is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: July 30, 2019.

                                            _____
                                            UNITED STATES DISTRICT JUDGE